UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DAVID FLORES, JR., | ) | |
| Institutional ID No.1350652 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:09-CV-171-BG |
| ROBERT W. FORTNER, | ) | ECF |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**I. Procedural History**

Plaintiff David Flores, Jr., filed a civil rights complaint *in forma pauperis* and pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights during his incarceration at the Preston E. Smith Unit of the Texas Department of Criminal Justice ("TDCJ"). Flores named the following individuals as defendants: Brad Livingston; David E. Fondren; Fred C. Early; Arlene A. Franco; Roberto R. Gutierrez; Robert W. Fortner; David Arellano; Sylvia C. Sauseda; Jeffrey Narbaez; Dominic H. Albarez; Oliver Vasquez; and Shane Martinez.

The United States District Court transferred this case to the United States Magistrate Judge for further proceedings on July 30, 2009, and the undersigned conducted a hearing on October 22, 2009, pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985). Flores consented to proceeding before the Magistrate Judge.

On February 24, 2010, the court entered judgment dismissing with prejudice all claims Flores asserted against Defendants Livingston, Fondren, Early, Franco, Gutierrez, Arellano, Sauseda, Narbaez, Vasquez, and Martinez and the claim of deliberate indifference Flores asserted against Fortner. The court determined, however, that the excessive use of force claim Flores asserted

against Albarez and the retaliation claim he asserted against Fortner were sufficient to withstand preliminary screening. The reasons for the court's determinations are set forth in the order entered on February 24, 2010.

Summons were issued thereafter as to Albarez and Fortner. The United States Marshal attempted to serve Albarez with summons but was unable to locate him; summons was returned as unexecuted as to Alvarez on March 8, 2010. *See* Docket No. 23. Summons was returned as executed as to Fortner on March 25, 2010, and Fortner filed an answer and a jury demand on April 12, 2010. The undersigned notified Fortner of his right to proceed before the United States Magistrate Judge, but Fortner has not consented to the jurisdiction of the Magistrate Judge. Pursuant to the order of reassignment entered on July 30, 2009, this action must therefore be transferred back to the docket of the District Court.

**II.      Recommendation**

The undersigned recommends that the action proceed in the course of litigation.

**III.     Right to Object**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from

appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    Dated:       October 20, 2010.

                                    NANCY M. KOENIG
                                    United States Magistrate Judge